RENDERED: MAY 24, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0859-ME

CARTER NATHANIEL YATES, ON
BEHALF OF MINOR CHILD, E.Y.                                  APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE LAUREN ADAMS OGDEN, JUDGE
ACTION NO. 23-D-500981-001

TESLA YATES                                                          APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND L. JONES, JUDGES.

THOMPSON, CHIEF JUDGE: Carter Yates, on behalf of his minor child, appeals

from an order of the Jefferson Circuit Court, Family Division, which withdrew an

emergency protection order (EPO) and denied a petition for a domestic violence

order (DVO). We believe that the trial court erred in not appointing a guardian *ad

litem* (GAL) for the child; therefore, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The parties were married on October 15, 2019. They had a daughter together in 2021 who was 18 months old at the time of the DVO hearing. A petition for dissolution of marriage was filed in February of 2023. In March of 2023, Mr. Yates filed an EPO petition alleging that Tesla Yates has a history of mental health issues and was violent and aggressive towards him. He also claimed that he was scared Ms. Yates would resort to violence toward the child.

An EPO was granted and Mr. Yates was given temporary, sole custody of the child. A DVO hearing was scheduled and postponed on two occasions, with a hearing finally taking place on July 18, 2023. Mr. Yates was the only one to testify. At the conclusion of the hearing, the court found that, while there was some violence in the house, the parties were now living apart and the court did not believe further domestic violence would arise. The court then withdrew the EPO and denied the petition for a DVO. This appeal followed.

## ANALYSIS

While Appellant raises multiple issues on appeal, there is one that requires us to reverse and remand for a new hearing. Appellant argues that the court should have appointed a GAL to represent the child during the proceedings. Appellant cites to Kentucky Rules of Civil Procedure (CR) 17.03 and *Smith v. Doe*, 627 S.W.3d 903 (Ky. 2021), in support of his argument.

CR 17.03 states in relevant part:

(1) Actions involving unmarried infants or persons of unsound mind shall be brought by the party's guardian or committee, but if there is none, or such guardian or committee is unwilling or unable to act, a next friend may bring the action.

(2) Actions involving unmarried infants or persons of unsound mind shall be defended by the party's guardian or committee. If there is no guardian or committee or he is unable or unwilling to act or is a plaintiff, the court, or the clerk thereof if its judge or judges are not present in the county, shall appoint a guardian ad litem to defend unless one has been previously appointed under Rule 4.04(3) or the warning order attorney has become such guardian under Rule 4.07(3).

(3) No judgment shall be rendered against an unmarried infant or person of unsound mind until the party's guardian or committee or the guardian ad litem shall have made defense or filed a report stating that after careful examination of the case he is unable to make defense.

In *Smith v. Doe*, the Kentucky Supreme Court, relying on CR 17.03, held that an unrepresented minor who is a party in a domestic violence protection order case must be appointed a GAL. *Smith*, 627 S.W.3d at 915. In this case, Mr. Yates was represented by an attorney, but the child did not have her own counsel. In April of 2023, and again just before the DVO hearing on July 18, 2023, counsel for Mr. Yates requested that the child be appointed a GAL. The court denied the request both times.

Appellee argues that the child should have been appointed a GAL, but that failing to do so was harmless error. Appellee relies on the case of *Herrell v. Miller*, No. 2022-CA-1199-ME, 2023 WL 4139889 (Ky. App. Jun. 23, 2023),[1] to support her argument. In *Herrell*, Kelsey Miller and Nathaniel Herrell were the natural parents to a child. Ms. Miller sought a DVO against Mr. Herrell on her behalf and on behalf of the child. Mr. Herrell agreed to the order and a three-year DVO was entered.

Shortly before the DVO was set to expire, Ms. Miller sought to renew it for another three years. The DVO was renewed and Mr. Herrell appealed. One issue addressed on appeal was the lack of a GAL for the child. Mr. Herrell and Ms. Miller were both represented by counsel, but there was no counsel for the child. The Court of Appeals held that the failure to appoint a GAL was error, however, it was harmless error. The Court determined that Ms. Miller's counsel, while not technically the counsel for the child, represented the child's interests. We note that there was no indication that a GAL was requested in *Herrell*.

The question for us to answer is, was the failure to appoint a GAL in this case harmless error as in *Herrell*? We believe it was not.

CR 61.01 states:

---

[1] This case is not binding upon this Court because it is unpublished. It is being cited pursuant to Kentucky Rules of Appellate Procedure (RAP) 41.

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

In *Herrell*, Ms. Miller was represented by counsel and that attorney effectively advocated for the child. In addition, a DVO was entered in favor of the child in *Herrell*. In this case, Mr. Yates was represented by counsel and that attorney was also effective in advocating for the child's protection. The difference in the case at hand, however, is that a request for the appointment of a GAL was made on two occasions, whereas there was no such request in *Herrell*. Additionally, a DVO was not entered in favor of the child here.

We believe that since a request was made for a GAL, the failure to appoint one in contravention of CR 17.03 and *Smith* was a substantial error. The child in this case was denied a substantial right by not being given the requested GAL. We must reverse and remand for a new hearing where the child should be represented by a GAL.[2]

---

[2] Appellee argues that the GAL issue was not preserved for appeal. We disagree. Mr. Yates brought the issue to the trial court's attention on two separate occasions, and we conclude this preserved the issue.

We will very briefly address the other issues raised by Appellant. Appellant claims that the trial court did not issue any written findings of fact when it denied the DVO. This is incorrect. The trial court made handwritten findings on a docket calendar sheet. That was an appropriate method to set forth findings. Appellant also argues that the trial court failed to consider Ms. Yates' psychiatric evaluation. After reviewing the record, we could find no evidence that the evaluation was entered into evidence or that either party moved to admit the evaluation into evidence. Appellant can move to admit the evaluation into evidence on remand. Finally, the remaining issues raised on appeal concern the court's ultimate conclusion to not grant the DVO. This issue is moot as we are reversing and remanding for a new hearing.

## CONCLUSION

Based on the foregoing, we reverse and remand for a new DVO hearing. On remand, the trial court shall appoint a GAL to represent the minor child in this case.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Teresa M. Kinberger
Middletown, Kentucky

BRIEF FOR APPELLEE:

Dean H. Sutton
Louisville, Kentucky